Gaston, Judge.
 

 This was an action to recover damages for a breach of promise. On the 10th of December, 1835, at Wilmington in this State, the defendant sold and conveyed to the plaintiff the brig Fisher, with her sails, boats, and furniture, as she then lay in the city of New York. The testimony as to the promise alleged to have been broken came from a single witness, who testified, that soon after intelligence reached Wilmington, of the gréat fire which occurred at New- York on the' 16th of that month, and which was extensively destructive to houses, shipping and merchandize, the witness, by the directions of the plaintiff, and as his agent, informed the defendant that the boats and sails of the brig were missing, the sails supposed to be burnt; that the brig was, in other respects, unseaworthy; and that, unless the defendant would put her in the condition in which she was at the time of the sale, the plaintiff would not receive her; and that after different conferences, it was at length agreed,
 
 that the defendant should pay to the plaintiff whatever sum it might require to put the vessel in the same repair and condition, in which she was at the time of the sale, over and above the sum of five hundred dollars.
 
 There was evidence shewing, or tending to shew, that upon this agreement the plaintiff made reparations and supplied deficiencies to an amount much exceeding $500; and that the defendant refused to make any payment therefor. Upon the trial, sundry exceptions were taken on file part of the plaintiff to the Judge’s instructions, and there having been a verdict and judgment for the defendant, the plaintiff appealed to this court.
 

 
 *215
 
 Upon the argument here, the plaintiff’s counsel has abandoned, as untenable, all these exceptions save one, and upon that alone the controversy is made to depend.
 

 There are several counts in the declaration. In one, it is charged that, at the time of the sale, «the defendant made representations in respect to the soundness of the brig, and the completeness of her equipments, which were unfounded in fact, and that, afterwards, in consideration thereof, he promised to pay to the plaintiff such sum as he should expend in putting the brig
 
 in the state
 
 represented, over and above the sum of five hundred dollars. And it is here insisted that, in relation to this count, the plaintiff had a right to require the instruction for which he asked, and which his honor refused to give, “ that, if the injuries did exist at the time of the sale, though they were not
 
 known
 
 to the defendant at the time of the promise, the promise, as proved, would support the action.”
 

 We are clearly of a different opinion. Waiving all other reasons for
 
 refusing
 
 to give this instruction, there is one which is obvious and conclusive. There was no evidence offered of such a promise, as is alleged in the count in question. The sole evidence of any promise, is in regard to repairs, necessary to replace the brig in the same plight in which she was at the time of the sale. And, upon this evidence, how could the plaintiff require any instruction, which would warrant the Jury in finding a verdict for him, in relation to a different promise?
 

 It is indeed contended that, as the agreement was wholly by parol, the meaning of the parties thereto was a question of fact, to be ascertained by the jury, and that the jury might have inferred from the evidence that it was not the
 
 actual
 
 state of the brig at the time of the sale, but her
 
 supposed
 
 or
 
 represented
 
 state, to which the promise referred. If there had been any ambiguity in the language of the witness, or in that of the parties, as testified to by him, or if there had been any cpntrariety of evidence in relation to the supposed promise, there would have been room for submitting to the jury the question of fact, what was the promise of the defendant. But certainly there is no function of the court
 
 *216
 
 more incontestable than that of pronouncing,
 
 whether
 
 the evidence offered corresponds with the allegations on the re-
 

 cord. A jury Cannot (rightfully) find any disputed fact without evidence; and the court ought never to instruct a jury, as to the legal effect of supposed facts, which the jury cannot find. In the agreement, as stated by the plaintiff’s witness, there was no ambiguity. It admitted but of one construction. If he were believed, he proved a promise, variant from that set forth in this- count; and if he were not believed, there was- no evidence of any promise.
 

 Per Curiam. Judgment below affirmed.